UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BARBARA MCCALEB**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                       **23-1330-JWD-EWD**

**AMERICAN SECURITY**
**INSURANCE COMPANY**

## NOTICE AND ORDER

This is a civil action, filed by Barbara McCaleb ("Plaintiff"), alleging claims of property damage caused by Hurricane Ida in August 2021.[1] Plaintiff claims that Defendant American Security Insurance Company ("American") failed to adequately compensate her for the damage under a policy of insurance.[2] American removed the case to this Court on September 20, 2023, alleging subject matter jurisdiction under 28 U.S.C. 1332.[3] Regarding the citizenship of the parties, Plaintiff is adequately alleged to be a Louisiana citizen.[4] American is adequately alleged to be a Delaware corporation with its principal place of business in Georgia.[5] Thus, based on the allegations, the parties are of diverse citizenship.

However, it is unclear if Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs. In support of the amount in controversy, the Notice of Removal relies on the Petition's allegations that Plaintiff's property "suffered extensive damage from the devastating winds," for which Plaintiff suffered "emotional stress," and that Plaintiff seeks damages and statutory penalties.[6] Plaintiff's general allegations in the Petition of "extensive damage," and

---

[1] As noted in the Notice of Removal (R. Doc. 1, ¶ 1), two identical state court petitions were filed on the same day in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on behalf of Plaintiff, No. 736735 at R. Doc. 1-3 and No. 736851 at R. Doc. 1-4. The Court will refer to the one filed first. R. Doc. 1-3, ¶¶ 5-6.
[2] R. Doc. 1-3, ¶¶ 4, 9-10.
[3] R. Doc. 1, ¶ 3.
[4] R. Doc. 1, ¶ 6 citing the Petition at R. Doc. 1-3, ¶ 1.
[5] R. Doc. 1, ¶ 7.
[6] R. Doc. 1, ¶ 3, citing R. Doc. 1-3, ¶¶ 4-6, 11-19.

demands for general categories of damages (*e.g.*, breach of contract, bad faith, *etc*.) are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[7]

The Notice of Removal also relies on the amount of coverage under the applicable insurance policy.[8] However, the Petition does not allege a particular amount of damages,[9] and it is unclear what amount Plaintiff claims is owed under the policy. It is also unclear what, if anything, American paid on Plaintiff's claim under the policy, which information is necessary to determine amount in controversy.[10] American will be ordered to provide evidence[11] in support of

---

[7] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.

[8] R. Doc. 1, ¶ 4, alleging $98,000 in policy limits for covered damage to the dwelling and $9,800 in coverage damage to other structures and *see* R. Doc. 1-5.

[9] R. Doc. 1-3.

[10] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *3 (M.D. La. Mar. 25, 2009) ("It is the actual value of [the plaintiff's] claimed damages that is relevant to the amount in controversy determination, not his 'potential recovery' based upon the alleged value of the underlying insurance policy.") (citation omitted); *Chapman v. Essex Ins. Co.,* No.:12-520, 2013 WL 12137884, at *5 (E.D. Tex. Apr. 4, 2013) ("The policy itself is unhelpful in this instance because the value of the underlying claim, not the policy limit, determines the amount in controversy.") (citations omitted); and *Jiminez v. Allstate Vehicle & Prop. Ins. Co.,* No. 20-6, 2020 WL 6123136, at *2 (W.D. Tex. Feb. 24, 2020) (denying remand and holding that a demand for covered property damage, plus statutory penalties and attorney's fees was sufficient to establish AIC). A determination of the amount in controversy cannot be made here based solely on information about the policy limits because there is no indication that Plaintiff is demanding full policy limits. Even a pre-removal settlement demand for "policy limits" is insufficient to establish amount in controversy if there is no evidence that the plaintiff was aware of the limits at the time of the demand. *See, e.g., Taylor v. Old Republic Ins. Co.,* No. 21-369, 2022 WL 264887, at *6 (M.D. La. Jan. 6, 2022), report and recommendation adopted, No. 21-00369, 2022 WL 264540 (M.D. La. Jan. 27, 2022) (holding that a settlement demand recommending settlement for an unspecified amount of policy limits was insufficient to establish the amount in controversy, and holding: "A careful reading of the Demand shows (1) that neither Plaintiff nor her counsel knew the limits of the policy at issue when making the 'policy-limits' demand, and (2) that the Demand is not actually a demand for a specific amount in excess of jurisdictional threshold.").

[11] Arguments of counsel are not evidence. If the amount in controversy is not facially apparent, a removing defendant must submit summary judgment-type evidence to establish amount in controversy by a preponderance of the evidence. *See, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

the amount in controversy, including but not limited to, damage estimates, adjuster/expert reports, and demands from Plaintiff, if available.[12]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[13]

Accordingly,

**IT IS ORDERED** that, on or before **October 25, 2023,** Defendant American Security Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, including but not limited to, evidence of damage estimates, adjuster/expert reports, and/or demands from Plaintiff. **Alternatively,** if American does not have sufficient additional evidence to support amount in controversy, it shall file a notice to that effect.

**IT IS FURTHER ORDERED** that, on or before **November 8, 2023,** Plaintiff Barbara McCaleb shall file either: (1) a Notice stating that Plaintiff does not dispute that American has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[14]

---

[12] American is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied by this Court as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), report and recommendation adopted sub nom., *Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019). As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211.

[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[14] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiff's position on whether American has established jurisdiction, the parties

3

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, October 11, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).